WILLIAM A. VAN METER, ESQ.
State Bar No. 2803
P.O. Box 6630
Reno, Nevada  89509       Electronically Filed on:  December 22, 2020
(775) 324-2500

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:                                                          ) Case No.:  BK-N 20-50981-BTB
KATHRYN NICOLE ERVIN,              )
                                                               ) Chapter 13
                                                               )
                                                               ) **TRUSTEE'S MOTION TO DISMISS**
                                                               )
         Debtor.                                      )
                                                               ) Date:    January 21, 2021
                                                               ) Time:   3:00 pm
                                                               ) Time Required:  (1 Minute)
_____/

**MOTION TO DISMISS**

The Trustee requests that the court enter an order of dismissal in this Chapter 13 case.  This Motion is brought pursuant to, 11 U.S.C. §§ 102, 1307(c), Fed. R. Bankr. 1017(f), and the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

At the request of a party in interest, a Chapter 13 case may be dismissed for cause.  11 U.S.C. § 1307(c).  The Bankruptcy Code provides a nonexclusive list of items that may constitute cause for dismissal of a Chapter 13 case.  More specifically, Section 1307 of the Bankruptcy Code provides as follows:

(c)     Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including
    (1) unreasonable delay by the debtor that is prejudicial to creditors;
       …
    (3) failure to file a plan timely under section 1321 of this title;
    (4) failure to commence making timely payments under section 1326 of this title;
    (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
    (6) material default by the debtor with respect to a term of a confirmed plan;
       …
    (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan . . ..
    (11)  failure to pay a postconfirmation domestic support obligation . . .;
    . . .

(e)    . . . failure of the debtor to file a tax return under section 1308.

A Chapter 13 case that was filed on or after October 17, 2005 is also subject to automatic dismissal five (5) days following a request of a party in interest to dismiss the case based on the Debtor's failure to file documents described in 11 U.S.C. § 521(a)(1) within forty-five (45) days of the petition date.  11 U.S.C. § 521(i).  The Court may also dismiss a case filed on or after October 17, 2005 based on the Debtor's failure to provide the Trustee with specified tax returns within 7 days of the 341 hearing.  11 U.S.C. § 521(e)(2)(B).

The Trustee believes that the Debtor's Chapter 13 case should be dismissed, or alternatively, if the Court deems it is in the best interests of creditors and the estate, convert the case to Chapter 7 for the following reasons:

**The Debtor has not timely filed a plan and/or schedules and statements as required by 11 U.S.C. §§ 521(a)(1), 1321 and Fed. R. Bankr. P. 1007 and/or 3015(b).**

**The Debtor has failed to turnover requested tax returns or tax returns otherwise required by 11 U.S.C. § 1308 and/or tax refunds if applicable for the following tax periods:  2018 and 2019**

**The Debtor has not provided the Trustee with requested financial documentation or has otherwise not cooperated with the Trustee as required by 11 U.S.C. § 521(3).  The Trustee has requested but has not received the following documentation:  All requested documentation**

**The Debtor has not appeared at a properly noticed first meeting of creditors.**

Dated:  December 22, 2020

/S/ WILLIAM A. VAN METER
WILLIAM A. VAN METER, ESQ.